UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

OLIVER LYONS

V. C. A. NO. 07-409 ML

A. T. WALL, et al

DEFENDANTS' OBJECTION TO
PLAINTIFF'S THIRD MOTION FOR
APPOINTMENT OF COUNSEL

Now come the Defendants in the above-entitled matter and hereby object to Plaintiff's third motion for appointment of counsel as and for the reasons proffered in the accompanying Memorandum.

DEFENDANTS,
By Their Attorney,

/S/ Michael B. Grant

______________________________

Michael B. Grant
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, R. I. 02920
Bar No. 3864

CERTIFICATION

The undersigned hereby certifies that on this, the11th day of January, 2008, I mailed a true copy of the within Defendants' Objection to Oliver Lyons, P. O. Box 8200, Cranston, R. I. 02920.

/S/ Michael B. Grant

______________________________

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

OLIVER LYONS

V. C. A. NO. 07-409 ML

A. T. WALL, et al

MEMORANDUM

Plaintiff has brought the instant action pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated when he was subject to being gassed with chemicals and excessive use of force by correctional officers employed by the Rhode Island Department of Corrections. He also alleges that he was the subject to faulty disciplinary hearings in violation of the Due Process Clause of the United States Constitution.

Plaintiff had filed his third motion for appointment of counsel to represent him in this action. On December 11, 2007, Senior United States Magistrate Judge Jacob Hagopian denied Plaintiff's two previously filed motions, holding that there is no absolute constitutional right to a "free lawyer" in a civil action. **Desrosier v. Moran**, 949 F.2d 15, 23 (1st Cir. 1991). Magistrate Hagopian also found that exceptional circumstances in this case did not exist warranting appointment of counsel and this was presented in the instant complaint and are not so complex that the Plaintiff is unable to represent himself and that the Plaintiff through filings with this Court has demonstrated he is able to present the facts in this case.

Plaintiff in support of the instant motion declares that he cell has been stripped and that all his legal materials were removed. Plaintiff also alleges, as in his previous motions for appointment, that he mentally ill and thus cannot represent himself.

Defendants urge that Plaintiff has been a litigant in this Court for a number of years and has brought numerous civil actions against the Defendants. In May of 2007, the Plaintiff, acting Pro Se, presented a jury trial before Chief Judge Ernest C. Torres which resulted in a jury verdict, albeit, for the Defendants. Plaintiff, for years, has been able to present his cases adequately to this Court and denial of appointment of counsel is proper. The claims raised in the instant case are very similar to those prosecuted by Plaintiff numerous times in the past.

Although Plaintiff alleges he cannot properly represent his interests, a review of the docket shows that since he filed the complaint approximately 60 days ago, he has filed three motions for appointment of counsel, a motion for Preliminary Injunction, a motion to recuse U.S. Senior Magistrate Jacob Hagopian and a motion to proceed in Forma Pauperis. Plaintiff thus far has had little difficulty filing documents and asserting legal arguments with this Court.

Finally, the undersigned has verified with the proper authorities that Plaintiff, who is currently housed at the High Security facility, in fact has access to all of his legal materials pertaining to this case. Plaintiff's materials were temporarily removed from his cell because he was found to be smearing his own feces on the interior walls of his cell. Plaintiff was also found to be banging his head against his cell walls, which he has done numerous times in the past, in an attempt to injure himself.

Accordingly, Plaintiff's motion should be denied.

Respectfully submitted,

/S/ Michael B. Grant

Michael B. Grant
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, R. I. 02920
Bar No. 3864