UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

OLIVER LYONS

V. C. A. NO. 07-409 ML

A. T. WALL, ET AL

DEFENDANTS A. T. WALL, II, WARDEN WEEDEN, LT. ODEN, LT. DUFFY, LT. TRAVERS, CORRECTIONAL OFFICER PIZZO, CORRECTIONAL OFFICER PINHEIRO, CORRECTIONAL OFFICER EMILIO, CORRECTIONAL OFFICER MELEO AND CORRECTIONAL OFFICER COLEMAN'S MOTION TO DISMISS

Now come Defendants A. T. Wall, II, Warden Weeden, Lt. Oden, Lt. Duffy, Lt.Travers, Correctional Officer Pizzo, Correctional Officer Pinheiro, Correctional Officer Emilio, Correctional Officer Meleo and Correctional Officer Coleman and hereby move to dismiss the Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), as and for the reasons proffered in the accompanying Memorandum.

DEFENDANTS,
By Their Attorney,

/S/ Michael B. Grant

______________________________
Michael B. Grant
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920
Bar No. 3864

CERTIFICATION

I hereby certify that on this, the 15th of January, 2008, I mailed a true copy of the within Motion To Dismiss and accompanying Memorandum to Oliver Lyons, P. O. Box 8200, Cranston, R. I.

/S/ Michael B. Grant
______________________________

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

OLIVER LYONS

V. C. A. NO. 07-409 ML

A. T. WALL, ET AL

MEMORANDUM

Plaintiff, at all pertinent times, was an inmate housed in the Maximum Security facility of the Adult Correctional Institutions. Plaintiff, who is pro se, brings the instant civil rights action pursuant to 42 U. S. C. § 1983 against a number of administrators and correctional officers employed by the Department of Corrections in their official and individual capacities.

Plaintiff alleges three causes of action:

First Cause of Action

The Plaintiff states and asserts that Defendants violated his 8th Amendment prohibition against cruel and unusual punishment by subjecting him to a constant barrage of gassings and excessive use of force, knowingly, willfully and with malicious intent.

Second Cause Of Action

"The Plaintiff states and asserts that Defendant officials Wall, et al violated the Plaintiff's "due process" rights under the 14th Amendment by subjecting him to an unfair and arbitrary discipline board calculated to deny counselors, witnesses and all physical evidence. This is an obvious tactic so unfair discipline infractions are not exposed."

Third Cause of Action

1st Amendment violation

"Plaintiff's mail is opened and tampered with and read by officers. This is privileged communications "due process" and prison officials are not supposed to restrict your access to the courts or lawyers."

**FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

In Rule 12(b)(6), motion should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief. **Conley v. Gibson**, 355 U. S. 41, 45-46 (1957). (footnote omitted); see also, **Ferrante v. Moran**, 618 F.2d 888-890 (1st Cir. 1980). In making that determination, the complaint should be construed in the light most favorable to the plaintiff. E.g., **Scheur v. Rhodes**, 416 U. S. 232, 236 (1974); **Dartmouth Review v. Dartmouth College**, 889 F. 2d 13-16 (1st Cir. 1989). Every doubt should be resolved in a way most beneficial to the plaintiff. E.g., **Klimas v. International Tel. and Tel. Corp.**, 297 F. Supp. 937, 938 n.2 (D.R.I. 1969), and all well-pleaded allegations of the plaintiff's complaint should be accepted as true. E.g., **Miree v. DeKalb County**, 433 U. S. 25, 27 n.2 (1977). That is particularly true when the complaint is filed by a pro litigant, whose pleadings are held to a somewhat less stringent standard than those drafted by lawyers, **Haines v. Kerner**, 404 U. S. 519 (1972).

**OFFICIAL CAPACITY CLAIMS**

Plaintiff has brought all claims against the Defendants in their official and individual capacities. However, the United States Supreme Court in **Will v. Michigan**, 109 S. Ct. 2304 (1989), where it was held that under 42 U.S.C. § 1983, state officials sued

in their official capacity as state actors, and where monetary damages are sought, constitutes an action against the state itself, in light of the fact that it is the state that is the real party in interest. The state is not a "person" within the meaning of Section 1983. Plaintiff seeks monetary damages against all Defendants. See Complaint, P. 21. Accordingly, all claims against the Defendants in their official capacity should be dismissed.

**FIRST CAUSE OF ACTION**

Plaintiff alleges that his 8th Amendment rights have been violated as a result of he being subjected to constant gassing and excessive use of force as outlined in his complaint. See Complaint, P. 17.

The complaint alleges on December 8, 2006, January 28, 2007 and August 5, 2007, Plaintiff was gassed by Capt. Ashton. The complaint also alleges that on January 28, 2007, Plaintiff was gassed by both Capt. Ashton and Lt. Duffy, which caused him to fall injuring his knee and hit his head on the toilet. See Complaint P. 10, 11, and 12. The allegations only point to Defendants Ashton and Duffy.

The complaint does not allege any claim under the 8th Amendment for excessive use of force or for the alleged unlawful attacks with gas against Defendants Wall, Weeden, Lt. Oden, Lt. Travers, or Correctional Officers Pizzo, Pinheiro, Emilio, or Coleman. The United States Court of Appeals for the First Circuit has stated in a Section 1983 action against officials in their individual capacities "plaintiff need only establish that the Defendants' acts or omissions were the product of reckless or callous indifference to his constitutional rights in that they, in fact, caused his unconstitutional deprivation." **Gutierrez v. Rodriguez,** 882 F.2d 553, 567 (1st. Cir. 1989). The complaint is absolutely

silent as to any incidents involving gas or excessive use of force by any Defendant, except Capt. Ashton and Lt. Duffy. As indicated, for a factual predicate to exist relative to a claim against any Defendant in his or her individual capacity, the Plaintiff has to aver that a specific individual Defendant took some action or in some way failed to act, which otherwise would have prevented an alleged violation. Plaintiff has failed to do so with respect to all Defendants except Ashton and Duffy.

**SECOND CAUSE OF ACTION**

Plaintiff alleges that all Defendants violated the Plaintiff's "due process rights" under the 14th Amendment, in that he was subjected "to an unfair and arbitrary discipline board calculated to deny counselor witnesses and all physical evidence." See Complaint, P. 18. The complaint attempts to allege two instances of plaintiff being charged with disciplinary infractions. The first alleges that on August 5, 2007, Officer Pinheiro wrote a discipline infraction against Plaintiff's for spitting at staff despite not having any witnesses. Plaintiff fails to give any facts as to appearing before a discipline board, or of receiving any sanction for the infraction. Secondly, the complaint infers that on August 7, 2007, Defendant Capt. Ashton spit in the Plaintiff's face and then charged the Plaintiff with an infraction of Plaintiff spitting at him. Plaintiff alleges he was found guilty without being allowed witnesses or a counselor to represent him. Plaintiff also alleges that during the hearing, either Lt. Alves or Defendant Lt. Oden was present. See Complaint, Pgs. 13 and 14.

As for Plaintiff's allegation that Pinheiro disciplined him for spitting at staff on August 5, 2007, Plaintiff fails to allege any procedural flaws, or that he was brought before

a discipline board or that he even received a sanction. Accordingly, these allegations must be disregarded.

Relative to the August 7, 2007 infraction, Plaintiff alleges he was denied witnesses and the assistance of an inmate counselor during the disciplinary process in question, and then simply alleges that he was found guilty. A guilty finding, in and of itself, does not give rise to a constitutional claim under the 14th Amendment. The 14th Amendment's due process clause provides that a state shall not deprive any person of life, liberty, or property without due process of law. See U. S. Const. amend. XIV. Here, Plaintiff is apparently alleging an interference with a "liberty" interest due to some result that occurred as a result of a guilty finding. The United States Supreme Court has made clear that the Constitution itself does not give rise to a liberty interest for inmates in avoiding a transfer to a more adverse condition of confinement. **Meachum v. Fano**, 427 U. S. 215, 225 (1976). A liberty interest may also arise from an expectation or interest created by state laws or policies. **Wolff v. McDonald**, 418 U. S. 539, 556-558 (1974). However, the Supreme Court has placed significant limitations on inmates seeking to invoke due process protections from interests or expectations created by state laws or policies. In **Sandin v. Connor**, 515 U. S. 472 (1995) the Supreme Court found that placement in segregation for thirty (30) days did not create a liberty interest because it did not "present a dramatic departure from the basic conditions of sentence." Id. at 485.

Here, however, Plaintiff completely fails to allege any sanction resulting from either the August 5th or 7th, 2007 incidents. Accordingly, the second cause of action contained in the Plaintiff's complaint should be dismissed.

**THIRD CAUSE OF ACTION**
**1ST AMENDMENT VIOLATION**

Plaintiff alleges that his legal mail "does not go to inmate accounts for 8 days and it is two weeks before the court receives my documents. This is done to have the plaintiff found in default." See Complaint P. 15.

It is well settled that every inmate has the fundamental right of access to the courts to petition for redress. **Bounds v. Smith**, 430 U. S. 817, 828 (1977). The United States Supreme Court has made clear, the right of access to the courts is the right to bring a grievance that the inmate wishes to present. **Lewis v. Casey**, 518 U. S. 345 (1996). It is not a right to "litigate effectively" once in court. Plaintiff must show an actual injury to property allege a denial of access to the courts by demonstrating that the alleged wrongdoing hindered his efforts to pursue illegal action. Here, Plaintiff simply alleges, in conclusional fashion, that the Defendants' efforts were intended to have Plaintiff found in default, not that he was actually in default in either the instant action or any other action he has filed with this Court. Plaintiff fails to allege any factual predicate concerning these allegations or allege any injury resulting from the mishandling of his mail. Plaintiff does not allege that his mail is not received by intended recipients; however, just alleges that delivery is delayed. Accordingly, Plaintiff having failed to allege an actual injury, fails to state a claim upon which relief may be granted as to his Third Cause of Action.

**CONCLUSION**

As to **Count I**, Defendants A. T. Wall, II, Warden Weeden, Lt. Oden, Lt.Travers, Correctional Officer Pizzo, Correctional Officer Pinheiro, Correctional Officer Emilio, Correctional Officer Meleo and Correctional Officer Coleman urge that this Honorable Court dismiss all claims asserted therein. As to **Counts II and III**, Defendants A. T. Wall,

II, Warden Weeden, Lt. Oden, Lt. Duffy, Lt.Travers, Correctional Officer Pizzo, Correctional Officer Pinheiro, Correctional Officer Emilio, Correctional Officer Meleo and Correctional Officer Coleman urge that all claims asserted therein be dismissed against them in that Plaintiff can prove no set of facts which entitle him to relief.

Respectfully submitted,

/S/ Michael B. Grant

Michael B. Grant
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920
Bar No. 3864