UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

OLIVER LYONS

V. C. A. NO. 07-409 ML

A. T. WALL

DEFENDANTS' OBJECTION TO PLAINTIFF'S
MOTION FOR APPOINTMENT OF COUNSEL

Now come the Defendants in the above-entitled matter and hereby object to the Plaintiff's fourth motion for appointment of counsel as and for the reasons proffered in the accompanying Memorandum.

DEFENDANTS,
By their Attorney,

/S/ Michael B. Grant

Michael B. Grant
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920
Bar No. 3864

CERTIFICATION

The undersigned hereby certifies that on this, the 23nd day of January, 2008, I mailed a true copy of the within Defendants' Objection to Plaintiff's Motion for Appointment of Counsel and accompanying Memorandum to Oliver Lyons, P. O. Box 8200, Cranston, Rhode Island 02920.

/S/ Michael B. Grant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

OLIVER LYONS

V. C. A. NO. 07-409 ML

A. T. WALL

MEMORANDUM

Plaintiff has brought the instant action pursuant to 42 U. S. C. § 1983 alleging that a number of administrators and correctional officers employed by the Rhode Island Department of Corrections violated his constitutional rights in obstructing his outgoing mail to this court and subjecting Plaintiff to excessive and unreasonable force in violation of the Fourth Amendment to the United States Constitution. Plaintiff also attempts to bring a claim under the Americans With Disabilities Act. Plaintiff claims entitlement to counsel in the instant matter based on language found within the Americans With Disabilities Act that entitles the prevailing party to attorneys fees. Plaintiff's argument is misplaced.

The instant complaint is civil in nature. Only in an appropriate case may the court request that an attorney represent a plaintiff in a civil action; however, there is no absolute constitutional right to "free-lawyer" in a civil case. **Desrosier v. Moran**, 949 F.2d 15, 23 (1st. Cir. 1991). The Court, in addressing three previously-filed motions to appoint counsel by the instant Plaintiff has found that the instant complaint did not present issues that are so complex that this Plaintiff is unable to represent himself. This Court has also found that the Plaintiff's submissions in this case have demonstrated he is able to present the facts and issues himself.

Accordingly, Defendants urge that the Plaintiff's motion be denied.

Respectfully submitted,

/S/ Michael B. Grant

Michael B. Grant
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920
Bar No. 3864