**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**OLIVER LYONS**

**v.** **C. A. NO. 07-409ML**

**A.T. WALL, ET AL**

**DEFENDANTS' OBJECTION TO**
**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT**

Now come the defendants A.T. Wall, James Weeden, Lieutenant Oden, Lieutenant Duffy, Lieutenant Travers, Correctional Officer Pizzo, Correctional officer Pinheiro, Correctional officer Meleo, Correctional Officer Coleman and make a special appearance, by and through their Counsel, for the exclusive purpose of objecting to plaintiff's motion for entry of default against Defendant Ashton as and for the reasons proffered in the accompanying Memorandum.

DEFENDANTS,
By Their Attorney,

/S/ Michael B. Grant

______________________
Michael B. Grant
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920
Bar No. 3864

CERTIFICATION

The undersigned hereby certifies that on this 4th day of February, 2008, I mailed a true copy of the within Defendants' Objection to Plaintiff's Motion for Entry of Default and accompanying Memorandum to Oliver Lyons, P. O. Box 8200 , Cranston, Rhode Island 02920.

/S/ Michael B. Grant

____________________________

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**OLIVER LYONS**

**v.** **C. A. NO. 07-409ML**

**A.T. WALL, ET AL**

**MEMORANDUM**

Plaintiff seeks entry of default against the defendant Ashton. Plaintiff, via interdepartmental mail, served the undersigned with a copy of the complaint and waiver of service forms in an envelope addressed to Captain Ashton. The undersigned received the pleading on November 15, 2008. Captain Ashton was placed on administrative leave on September 6, 2007 and retired from State service on January 28, 2008.

Plaintiff in his memorandum in support of the instant motion alleges that the Court file in this case will show that on November 13, 2007, this Defendant was served with a copy of the complaint and waiver forms. However, the Court docket for this case makes no reference as to service being made on any Defendant. As mentioned above, a copy of the complaint and waiver forms addressed to Defendant Ashton were served, via interdepartmental mail, to the undersigned and received on November 15, 2007. The undersigned has not been contacted by Defendant Ashton relative to this case, nor does the undersigned represent Defendant Ashton in defense of any allegation made in the complaint against him.

Plaintiff has failed to file proof of service pursuant to Fed. R. Civ. P. (l) as to defendant Ashton, and although urges that such proof exits, the docket is silent of the

same. Plaintiff's attempt to properly serve defendant Ashton by mailing a copy of the complaint to the undersigned is insufficient to entitle plaintiff to entry of default.

Federal Rule of Civil Procedure 4(c)(1) and 4c)(2) states in pertinent part:

> 4(c)(1) "A summons shall be served together with a copy of the complaint. The Plaintiff is responsible for service of a summons and complaint within the time allowed under Subdivision (m) and shall furnish the person effecting service with the necessary copies of the summons and complaint."
>
> 4(c)(2) "Service may be effected by any person who is not a party and who is at least 18 years of age. At the request of the Plaintiff, however, the court may direct that service be effected by a United States marshal, deputy United States marshal, or other person or officer specifically appointed by the Court for that purpose."

In light of the fact that the Plaintiff has failed to show proof that proper service has been made on Defendant Ashton, Plaintiff is not entitled to entry of default under Fed.R.Civ.P. 55.

Accordingly, in light of the fact that the Plaintiff has failed to properly serve the said defendant, Plaintiff's motion for entry of default should be denied.

Respectfully submitted,

/S/ Michael B. Grant

Michael B. Grant
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920
Bar No. 3864