UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

OLIVER LYONS

V. C. A. NO. 07-409 ML

A. T. WALL, ET AL

DEFENDANTS' MOTION FOR
A PROTECTIVE ORDER

Now come the Defendants in the above-entitled matter and hereby move for a protective order staying all discovery in the instant matter during the pendency of the Defendants' dispositive motion as and for the reasons proffered in the accompanying Memorandum.

DEFENDANTS,
By Their Attorney,

/S/ Michael B. Grant
______________________

Michael B. Grant
Deputy Chief Legal Counsel
Rhode Island Department of Corrections
40 Howard Avenue
Cranston, Rhode Island
Bar No. 3864

CERTIFICATION

The undersigned hereby certifies that on this, the 4th day of February, 2008, I mailed a true copy of the within Defendants; Motion for a Protective Order and accompanying Memorandum to Oliver Lyons, P. O. Box 8200, Cranston, R. I. 02920.

/S/ Michael B. Grant
________________________

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

OLIVER LYONS

V. C. A. NO. 07-409

A. T. WALL, ET AL

## MEMORANDUM

Plaintiff, at all pertinent times, was an inmate housed in the Maximum Security facility of the Adult Correctional Institutions. Plaintiff, who is pro se, brings the instant civil rights action pursuant to 42 U.S.C. § 1983 against a number of administrators and correctional officers employed by the Department of Corrections in their official and individual capacities. Plaintiff's complaint asserts three causes of action:

### (1) FIRST CAUSE OF ACTION

Plaintiff alleges that Defendants violated his Eighth Amendment for cruel and unusual punishment by subjecting him to a constant barrage of gassings and excessive use of force, knowingly, willfully, and with malicious intent. Specifically, the Plaintiff targets Defendants Ashton and Duffy, with respect to these allegations.

### (2) SECOND CAUSE OF ACTION

Plaintiff alleges that Defendants violated his due process rights under the Fourteenth Amendment by subjecting him to an unfair and arbitrary discipline board calculated to deny counselors, witnesses and all physical evidence. Plaintiff, relative to these allegations, targets Defendants Oden and Ashton.

(3) THIRD CAUSE OF ACTION

Plaintiff alleges that his mail has been opened and tampered with by various Defendants, who he does not name.

Defendants Pezza, Meleo, Coleman, Wall, Weeden, Oden, Duffy, Travers and Pinheiro on January 15, 2008, filed a dispositive motion with respect to all three (3) counts. Plaintiff himself, on January 22, 2008 moved to dismiss the instant action.

Plaintiff has now served Defendant Weeden with twenty-five (25) interrogatories. All these interrogatories are completely irrelevant to the three (3) causes of action asserted in Plaintiff's complaint. For example, Interrogatory #2: "Was plaintiff behind the hospital at Maximum Security from November 17, 2005 to July 17, 2006." Interrogatory #4: "While behind the hospital at Maximum from November 17, 2005 to July 17, 2006, how many discipline infractions did the plaintiff receive?" Interrogatory #7: "On August 3, 2006, wasn't the plaintiff assaulted by an inmate named Irving Briggs while on recreation and receive a cut over his left eye needing 20 stitches to close?" Interrogatory #9: "The assault by Irving Briggs was caught on surveillance tape, yes or no?" Interrogatory #11: "Are inmates supposed to collect food trays in a segregation block?" Interrogatory #16: "Why are the Medium I, Medium II at High Security have outdoor recreation cages but not Maximum Security?" Interrogatory #21: "The plaintiff was only extracted on August 5, 2007 and there should be a VCR tape. Is this correct?" Interrogatory #24: "Why isn't there a law cart or counselor in the segregation block at Maximum Security?"

These interrogatories are directed at Warden Weeden; however, there are no factual allegations made against Warden Weeden in the complaint.

Additionally, Plaintiff has also propounded a request for production of documents requesting certain policies, copies of discipline records relative to body fluids and disciplinary board tapes. It is clear that the discovery that has been propounded against Defendant Weeden was done so to annoy and place an undue burden and expense on said party.

A protective order staying discovery may be granted during the pendency of a dispositive motion, such as a motion to dismiss or one for summary judgment. **Hachette Distribution, Inc. v. Hudson County News Co.**, 136 FRD 356 (ED NY 1991). **Chagnon v. Bell**, 206 App DC 280 642 F2d 1248 29 FR Serv 2d 1245 (1980). cert den 453 U.S. 911 (1981).

CONCLUSION

Accordingly, Defendants request that a stay of discovery be granted until the Defendants' motion to dismiss can be decided by this Honorable Court.

Respectfully submitted,

/S/ Michael B. Grant

Michael B. Grant
Deputy Chief Legal Counsel
Rhode Island Department of Corrections
40 Howard Avenue
Cranston, Rhode Island
Bar No. 3864