RECEIVED
FEB 19 2008
Property of U.S. District Court
District of Rhode Island

United States District Court
For The District Of Rhode Island

Oliver Lyons
v
AT Wall etal

Ca No 07 409 ML

Plaintiffs First Request For Production Of Documents

Pursuant to Rule 34 of the Federal Rules Of Civil Procedure Plaintiff requests the Defendants produce for inspection and copying the following documents.

1. All Surveillances, use of force. reports, incident reports, photos medical records about incidents of alleged assault on the Plaintiff on August 3, 2006, Dec 8, 2006 January 28, 2007, June 28, 07 and August 5, 2007 while the Plaintiff was in Maximum Security in Segregation

2. The extraction tape filmed by a cameraman on August 5, 2007

3. The policy on the use of gas on inmates at Maximum Security in the Segregation Unit.

4. The policy on inmates in Maximum Segregation passing out food trays and collecting food trays.

5. The complete discipline records and grievances and charges including criminal charges brought against Captain Ashton or any other defendant

6. The policy on what is done with an officers uniform when he is allegedly assaulted with body fluid of any kind.
The Plaintiff allegedly spit on defendant Pinheiro on August 5, 07 and Defendant Ashton on August 7, 07

7. The policy on outdoor recreation for Segregation inmates in Maximum Security

8. The policy on footwear in Segregation in Maximum Security and why inmates are denied their sneakers

9. The policy on outdoor recreation cages at Med I Med II and High Security

10. The policy on the use of a law cart in Segregation at Maximum Security

11. The discipline Board Audio tapes for the following incidents August 3, 2006, Dec 8, 06, Jan 28, 07 June 28, 07 August 5, 07 and August 7, 07

12. Any reports or memos on why the Plaintiff was moved from behind the hospital at Maximum Security Classified High Security SRG 1 single recreation and shower and was taking single recreation outdoors (the only inmate) and single shower from Nov 12 05 to July 12, 06 when the Plaintiff was told he was moving to regular Segregation and would be taking recreation with Maximum Security inmates and showers?

13. The policy on a Dr. perscribed knee brace in Segregation at Maximum Security.

Please be advised Attorney Grant Confidential, Vagueness and Security risks are not reasons to deny relevant discovery. The Federal Courts reject this.

Plaintiff Pro Se
1-16-08 Oliver Lyons
P.O. Box 8273

Certification

I the undersigned sent legal Counsel Attorney Grant for the defendants a request for production of documents at 40 Howard Avenue Cranston Rhode Island 02920

Plaintiff Pro Se
1-16-08 Oliver Lyons