UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

OLIVER LYONS

V. C. A. NO. 07-409 ML

A. T. WALL, ET AL

**DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Now come Defendants A. T. Wall II, Warden Weeden, Lt. Oden, Lt. Duffy, Lt. Travers, Correctional Officers Pizzo, Pinheiro, Meleo and Coleman and hereby object to Plaintiff's application for preliminary injunction as and for the reasons proffered in the accompanying Memorandum.

DEFENDANTS,
By Their Attorney,

/S/ Michael B. Grant

Michael B. Grant
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920
Bar No. 3864

**CERTIFICATION**

The undersigned hereby certifies that on this, the 14th day of March, 2008, I mailed a true copy of the Defendants' Objection to Plaintiff's Motion for Preliminary Injunction and accompanying Memorandum to Oliver Lyons, P. O. Box 8200, Cranston, R. I. 02920.

/S/ Michael B. Grant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

OLIVER LYONS

V. C. A. NO. 07-409 ML

A. T. WALL, ET AL

**MEMORANDUM**

Plaintiff, a Rhode Island penal inmate who is appearing Pro Se, has brought the instant action pursuant to 42 U.S.C. § 1983 against a number of administrators and correctional officers employed by the Department of Corrections.

Plaintiff's complaint asserts three causes of action. The first cause of action alleges a violation of the Eighth Amendment as a result of Plaintiff being subjected to a constant barrage of gassing and excessive use of force. The second cause of action asserts a Fourth Amendment violation in being subjected to an unfair and arbitrary discipline board calculated to deny Plaintiff the assistance of a counselor, witnesses and all physical evidence. Lastly, the complaint alleges that the Plaintiff's mail has been opened and tampered with by correctional officers in violation of the Due Process laws.

Plaintiff has filed the instant motion for preliminary injunction based on a number of alleged events.

**PRELIMINARY INJUNCTIVE RELIEF**

In order to succeed on a motion for preliminary injunctive relief, a Plaintiff must demonstrate (1) the potential for immediate, irreparable injuries; (2) a likelihood of success on the merits of the case; (3) the relevant balance of hardship if the injunction does not issue; and (4) the effect in the public interest of a grant or denial of the motion. **Narragansett Indian Tribe vs. Guilbert**, 934 2d. 4, 5 (1st. Cir. 1991). A failure to

demonstrate one of the requirements necessitate the denial of the motion.

Plaintiff alleges that since he filed the instant action, he was confined in Maximum Security and kept nude (although provided with a blanket and smock) behind the hospital ward with no mattress or heat and without legal work. Plaintiff alleges that inmates who are on suicide watch are maintained at the Intake Center, not at Maximum Security. However, Plaintiff also alleges that on December 17, 2007, he was moved to High Security. Accordingly, in light of the fact that the Plaintiff has been moved out of Maximum Security and is no longer subject to those alleged conditions, Plaintiff's motion, with respect to these allegations, should be denied.

Plaintiff next alleges that while in High Security, he was placed in a cell, nude with a suicide blanket and smock and without any legal work; Plaintiff was made to eat his meals with his hands and was not given any eating utensils. However, as further alleged by the Plaintiff, he has been continuously engaging in self injurious conduct, where he admits to having severely cut himself on both of his arms in an attempt to manipulate his classification and because of the Plaintiff's conduct, he is subject to custody conditions that are necessary to protect inmates who have suicidal tendencies.

In order for a Plaintiff to show an Eighth Amendment violation by a prison official, the alleged deprivation must be sufficiently serious such that the official's actions or omissions result in the denial of "the minimal civilized measure of life's necessities." **Farmer v. Brennan**, 511 U. S. 825, 834 (1994). The Plaintiff must also demonstrate that the prison official's state of mind must be one of deliberate indifference to the health and safety of the inmate. Id. at 834. Here, Plaintiff is alleging that he was not afforded eating utensils, not that he was not given his meals. Additionally, according to Plaintiff's motion he being denied eating utensils was an isolated occurrence and was only due because of Plaintiff's status as being on suicide watch. The

Courts have held that the minimal civilized measure of life's necessities means that "isolation cell must be sanitary, adequately lighted and ventilated. The temperature must be reasonable. Inmates must be provided with bedding and the basic materials necessary for personal hygiene. . .inmates may not be subjected to severe deprivations over a long period of time." **Laaman v. Atelvemoe**, 437 F. Supp. 269, 310 (DNH 1977). When the deprivation of basic elements of hygiene and the presence of unsanitary conditions in the cells threaten the health of the occupants, the Constitution is violated. Id. [citing **Novak v. Beto**, 453 F.2d 661 (5th Cir. 1971)]. Plaintiff states that he has been given a blanket and smock and does not indicate uncomfortable temperatures. Plaintiff alleges he has been kept nude and forced to eat without utensils because of the multiple times he has exhibited self-injurious acts. However, Plaintiff has not been kept nude, as he indicates he has been provided with a blanket and smock

Lastly, Plaintiff alleges that on January 25, 2008, he was moved to a different cell in the same stabilization block, which was not monitored by a camera, despite Plaintiff's objections that he would harm himself. Plaintiff alleges that on the same day he severely cut his wrist, which resulted in severe bleeding. Plaintiff alleges that this occurred at about 5:00 P.M. Plaintiff alleges that from 11:00 P.M. to 7:00 A.M. there isn't any medical staff on duty and that if he had cut himself at a different time of day, he could have bled to death. Again, Plaintiff's alleged injuries have only been caused by his own doing. Plaintiff has full control over when he will hurt himself. Plaintiff has suffered no injury as a result of any action or inaction by any of the Defendants in this action. Since the filing of the instant lawsuit, Plaintiff has filed numerous motions, pleadings and letters with this Court seeking various forms of relief, despite his allegations that he has no access to the Courts and has been denied his legal materials. Accordingly, Plaintiff has failed to show a potential or irreparable injury caused by the

Defendants, or a likelihood of success on the merits. Accordingly, Plaintiff's motion for preliminary injunction should be denied.

Respectfully submitted,

/S/ Michael B. Grant

______________________________

Michael B. Grant
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920
Bar No. 3864